**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Russell Roberts, | No. CV-21-08255-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Lee Anne Gallagher, et al., | |
| Defendants. | |

Pending before the Court are Defendants Enterprise Rental Company (the "Enterprise Defendants")[1], Volkswagen Group of America, Inc. ("Volkswagen"), Northern Arizona Healthcare ("NAH"), Lee Anne Gallagher ("Gallagher"), and Commerce Insurance Company's[2] ("MAPFRE") Motions to Dismiss *pro se* Plaintiff William Russell Roberts' ("Plaintiff") Complaint and Amended Complaint (Docs. 67, 80, 94, 96, 116). Plaintiff filed Responses in Opposition to all but Defendant MAPFRE Insurance's Motion to Dismiss. (Docs. 98, 99, 108, 109). Defendants filed their Replies (Docs. 100, 102, 110, 111).[3]

---

[1] Multiple Enterprise Defendants are moving here, including EAN Holdings, LLC, Enterprise Holdings, Inc., Enterprise Rental Company, and Enterprise Rent A Car. (Doc. 67).

[2] Plaintiff refers to Defendant Commerce Insurance Company as MAPFRE Insurance d/b/a The Commerce Insurance Company in his Amended Complaint. (Doc. 58 at 4). For clarity, this Order will refer to the Defendant as MAPRFE.

[3] Volkswagen requested oral argument in its Reply. The Court finds that the issues have been fully briefed and oral argument will not aid the Court's decision. Therefore, the Court will deny the request for oral argument. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

1

## I.    Background[4]

2      On April 26, 2017, Plaintiff was driving a rented 2016 Volkswagen Jetta.  (Doc. 60

3  at 3).  The vehicle had been rented a day earlier by his brother from Thrifty car rental in

4  Phoenix, Arizona.  (*Id.*)  While driving on State Road 64 in Coconino County, Arizona,

5  Plaintiff was involved in a head-on collision with Gallagher.  (*Id.*)  Gallagher's vehicle was

6  a rental car from Enterprise rental company.  (*Id.*)  Plaintiff was transported from the scene

7  of the collision to Flagstaff Medical Center (operated by Northern Arizona Healthcare),

8  where he was admitted to intensive care for contusions on his heart and elevated blood

9  pressure.  (*Id.*)

10      A year later, on March 10, 2018, in his home state of Wisconsin, Plaintiff suffered

11  cardiac arrest from blockages in his heart.  (*Id.*)  Plaintiff claims the blockages were due to

12  the airbag of his Volkswagen rental car deploying violently and improperly.  (*Id.*)  Plaintiff

13  claims Volkswagen should have known that the vehicle's airbags were problematic and

14  alleges product liability and negligence.  (*Id.*)  Plaintiff also brings claims against

15  Gallagher, Northern Arizona Healthcare, insurance companies Liberty Mutual Insurance

16  and MAPFRE Insurance, and rental car companies Hertz and Enterprise.[5]  (*Id.*)

17      On April 26, 2019, Plaintiff filed his first action (the "2019 Case") in the Western

18  District of Wisconsin against Volkswagen and thirteen other defendants.  (Doc. 57 at 2).

19  On September 17, 2019, the defendants moved to dismiss Plaintiff's lawsuit on several

20  grounds, including lack of subject matter jurisdiction, personal jurisdiction, venue,

21  improper service, and failure to state a claim upon which relief can be granted.  (*Id.*)

22      On April 6, 2020, while the 2019 Case was still pending, Plaintiff filed his current

23  claim (the "2020 Case") in the same court (Doc. 1).  Volkswagen moved to dismiss the

24  Complaint in the new action because it was duplicative of the 2019 Case and because, just

25  like the first lawsuit, the Complaint had not been properly served.  (Doc. 47).  Volkswagen

26

27  _____

[4] The Court will adopt portions of the background facts from its previous Order.  (Doc. 60).

28  [5] On April 12, 2022, upon stipulation of the parties, the Court dismissed, with prejudice, Liberty Mutual Insurance from this matter.  (Doc. 115).  Hertz Global Holdings, Inc. has also been dismissed without prejudice.  (Doc. 28).

also argued that the Complaint was barred by Arizona's two-year statute of limitations for personal injury claims.  (*Id.*)  Another defendant in the matter, Liberty Mutual Insurance, argued for dismissal based on improper venue because the facts of the claim arose in Arizona.  (Doc. 15).

In December 2020, the Wisconsin District Court dismissed both cases for lack of subject matter jurisdiction without prejudice because Plaintiff did not plead sufficient allegations to establish complete diversity of citizenship.  (Doc. 57).  The Court, however, gave Plaintiff the opportunity to amend his Complaint in the 2020 Case to allege sufficient facts to determine diversity of citizenship.  (*Id.*)  Plaintiff timely filed his Amended Complaint.  (Doc. 58).  On November 17, 2021, the Wisconsin District Court found Plaintiff's Amended Complaint sufficiently alleged each defendant's citizenship and satisfied subject matter jurisdiction. (Doc. 60 at 3).  The court then considered the defendants' motions to dismiss and transferred this matter to the District of Arizona, "warts and all," as the proper venue for a claim arising in Arizona.  (*Id.*)

Volkswagen now seeks dismissal under Federal Rules of Civil Procedure 12(b)(5) for improper service and 12(b)(6), arguing that Plaintiff's claim is time-barred by Arizona's statute of limitations.  (Doc. 80 at 3).  The Enterprise Defendants, NHA, Gallagher, and MAPFRE Insurance also argue Plaintiff's claims have expired under Arizona's statute of limitations.  (Docs. 67, 94, 96, 116).  Only the Enterprise Defendants and MAPFRE Insurance raise additional arguments about Plaintiff's failure to state a claim.

## II.   Discussion

In light of the arguments made in Defendants' pending motions, four issues are before the Court: (1) whether Plaintiff's timely-filed first complaint equitably tolled the statute of limitations for his untimely filed Amended Complaint; (2) whether Plaintiff can show good cause for failing to timely serve Volkswagen; (3) Plaintiff's request for postponement of summary judgment under Rule 56(f); and (4) whether Plaintiff stated a claim on which relief can be granted.

/ / /

**A. Equitable Tolling**

Volkswagen argues Plaintiff's claims arose from a vehicle crash on April 26, 2017, and, because this claim was filed on April 6, 2020, Plaintiff's claims are time barred. (Doc. 80 at 3–4). The Court, however, finds equitable tolling is applicable to this matter.

As a federal court sitting in diversity, this Court will apply the substantive law of Arizona, including Arizona's statute of limitations. *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011). In Arizona, the statute of limitations for personal injury claims is two years. Ariz. Rev. Stat. § 12-542(1). "[A] tort claim accrues when a plaintiff knows, or through the exercise of reasonable diligence should know, of the defendant's wrongful conduct." *Taylor v. State Farm Mut. Auto. Ins. Co.*, 913 P.2d 1092, 1095 (Ariz. 1996). "The defense of statute of limitations is never favored by the courts . . . ." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 968 (Ariz. 1995).

Courts have legitimate interests "in the procedural rules that govern lawsuits . . . to prevent such rules from becoming a shield for serious inequity." *Hosogai v. Kadota*, 700 P.2d 1327, 1331 (Ariz. 1985). Courts may therefore make narrow equitable exceptions to statutes of limitations. *Id.* A plaintiff may sue after the statutory time period has expired for filing a complaint "if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *See McCloud v. State, Ariz. Dep't of Pub. Safety*, 170 P.3d 691, 696 (Ariz. Ct. App. 2007) (internal citation omitted). Equitable tolling may apply when "the defendant would not be prejudiced by the late filing." *Kyles v. Contractors/Engineers Supply, Inc.*, 949 P.2d 63, 65 (Ariz. Ct. App. 1997). "We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).

Here, Plaintiff actively pursued his judicial remedies in the Wisconsin District Court. His 2019 Case was filed within the statutory timeframe; his 2020 Case was not. The Wisconsin court dismissed both cases without prejudice because Plaintiff failed to sufficiently allege subject matter jurisdiction but allowed him the opportunity to amend his

complaint in the 2020 Case.   (Doc. 57).   Plaintiff timely filed an Amended Complaint. (Doc. 58).

The 2020 Case, however, was not originally filed within the statute of limitations timeframe.   Nonetheless, the Court will allow equitable tolling where, as here, Plaintiff actively pursued his judicial remedies in the first case during the statutory period but was only expressly allowed to amend his complaint in the 2020 Case.   *See Mayes v. Leipziger*, 729 F.2d 605 (9th Cir. 1984) (federal court action in one state dismissed for lack of personal jurisdiction equitably tolls the limitations period for an identical action in federal court in another state); *see also American Pipe & Constr. Co. v.* Utah, 414 U.S. 538, 552–59 (1974) (timely filing of deficient class action equitably tolls second action alleging same violations of federal laws).[6]   The Court notes each of the Defendants moving for dismissal would have been on notice of Plaintiff's claims because all of them were named in the first suit and therefore would not be prejudiced by application of equitable tolling here.   *See Kyles*, 949 P.2d at 65.   Accordingly, the Motions to Dismiss filed by Defendants NAH and Gallagher, who seek dismissal solely on statute of limitations grounds, are also denied. (Docs. 94, 96).

## B. Improper Service

The Court now turns to Volkswagen's service arguments.   Under Federal Rule of Civil Procedure 4(m), service of the summons and complaint must be accomplished on each named defendant within 90 days after filing the Complaint.   *See* Fed. R. Civ. P. 4(m). When courts consider a motion to dismiss a complaint for untimely service, "courts must determine whether good cause for the delay has been shown on a case by case basis."   *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).   The Rule requires that, absent good cause, the court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time."   *Id.* at 513.   Under the terms of the rule, courts

---

[6] Plaintiff raises an additional argument that the statute of limitations should be tolled because he was of "unsound mind" during the statutory timeframe, but the Court need not reach this issue because it already found the timely filing of his first complaint equitably tolled the statute of limitations for his Amended Complaint.   (Doc. 98 at 3–4).

have broad discretion.  *Id.*

### i. Good Cause under 4(m)

Rule 4(m) requires a two-step analysis to determine whether the prescribed time period for the service of a complaint should be extended.  *See Salas v. Dyer*, 2011 WL 1156749, at *3 (D. Ariz. Mar. 29, 2011).  "First, upon a showing of good cause for the defective service, the court must extend the time period."  *Id.*  "Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period."  *Id.*  "[A]t a minimum, 'good cause' means excusable neglect."  *Id.*  To bring the excuse to the level of good cause, courts consider the following factors: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."  *Id.*

Volkswagen argues Plaintiff has never been served with the operative Amended Complaint, which Plaintiff filed on December 17, 2020. (Doc. 58).  Although it was eventually served with the original 2020 Complaint on July 14, 2021, a year after the service period, Plaintiff did not serve it with the Amended Complaint.  Volkswagen further argues that Plaintiff cannot show good cause for failing to timely serve Volkswagen because Plaintiff has been on notice of the deficient service as early as July 17, 2020, when it argued the original 2020 Complaint should be dismissed for lack of service.  (Doc. 48 at 5–7).  Volkswagen contends even after that motion was filed, Plaintiff still failed to serve Volkswagen with the Amended Complaint.  (*Id.*)

In response, Plaintiff argues Volkswagen has "in fact . . . received every document" in these proceedings and says he was not on notice of his alleged service deficiencies because Volkswagen "never provided [Plaintiff] with a copy of the Motion to Dismiss." (Doc. 98 at 4).  Plaintiff then concedes, however, that he "finally got [the Motion to Dismiss] online."  (Doc. 98 at 4).

First, the statutory time to serve Volkswagen with Plaintiff's Amended Complaint has clearly expired.  Plaintiff's 2020 Case was filed on April 6, 2020.  (Doc. 1).  Under Rule 4(m), Plaintiff had until July 5, 2020, to serve Volkswagen.  Fed. R. Civ. P. 4(m).  In

Volkswagen's Motion to Dismiss the 2020 Complaint, filed on July 17, 2020, Volkswagen argued that it had not been properly served with the Amended Complaint.  (Doc. 48 at 5–7).  A year later, on July 14, 2021, Plaintiff served the original 2020 Complaint on Volkswagen's registered agent in Florida.  (Doc. 80-1 at 65).  But the original 2020 Complaint had been dismissed on December 3, 2020.  (Doc. 57).  Accordingly, this was improper service.  *See Rivera Otero v. Amgen Mfg. Ltd.*, 317 F.R.D. 326, 328–29 (D.P.R. 2016) (finding when an original complaint is amended before formal service of process has been accomplished with the original, but now superseded complaint, proper service must deliver the amended complaint rather than the original one).  Plaintiff does not contest that he has never served Volkswagen with the Amended Complaint.

The Court must now decide whether Plaintiff has shown good cause to extend the time for service.  Plaintiff provides no reasons why he did not properly serve Volkswagen with the Amended Complaint, despite the Wisconsin court's explicit order that Plaintiff "file and serve an amended complaint."  (Doc. 57 at 9).  Moreover, Plaintiff has never requested an extension of time to complete service.[7]  In addition to the clear dictates of Rule 4(m), Plaintiff had notice of the requirements for proper service from Volkswagen's previous motions to dismiss and from the Wisconsin court's order and he fails to show excusable neglect for his untimely service.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Plaintiff has not established good cause to extend the time for service on Volkswagen.

### ii.     Extension of Time for Service

Even though Plaintiff has failed to show good cause for his deficient service, the Court still has discretion to grant an extension of time to do so.  *Salas v. Dyer*, 2011 WL 1156749 at *3.  A court may consider the following factors "when determining whether to exercise its discretion to extend the Rule 4(m) deadline: a statute of limitations bar,

---

[7] The Court notes that Plaintiff has nonetheless sought multiple extensions of time to file documents and thus appears cognizant of deadlines established by the Rules of Federal Procedure.  (Docs. 24, 50, 52, 90, 104).

prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.* (internal quotations and citations omitted).  The Ninth Circuit has held district courts have "broad discretion to either grant an extension of time, or to dismiss an action entirely, for failure to effect service [and that] [t]his discretion necessarily includes latitude to limit the length of any extension the court grants." *Jones v. Auto. Club of S. California*, 26 F. App'x 740, 742 (9th Cir. 2002).

Volkswagen argues extending the time for service harms it and "sanctions Plaintiff's repeated disregard for the rules." (Doc. 80 at 6).  Plaintiff argues Volkswagen will not be prejudiced by extending the time for service because Volkswagen has "in fact . . . received every document." (Doc. 98 at 4).  Plaintiff presumably refers to when he served Volkswagen with a copy of the 2020 dismissed complaint on July 14, 2021. (Doc. 80-1 at 65).

The Court finds extending the time for service would not prejudice Volkswagen. Volkswagen has had actual notice of this action since it filed its first motion to dismiss for improper service on September 17, 2019. (Doc. 48 at 2).  It has also been served with a complaint, albeit not the operative Amended Complaint.  Moreover, this case is at the beginning of the pleadings stage and Volkswagen is familiar with the claims against it. The Court further rejects Volkswagen's argument that allowing an extension would sanction Plaintiff's disregard for the rules.  Plaintiff's service of the dismissed complaint does not equate to a disregard for the rules.  Accordingly, the Court will grant a very short extension under Rule 4(m) for Plaintiff to effectuate service within **fourteen (14) days** of the date of this Order.

**C. Plaintiff's request for postponement of summary judgment under Rule 56(f)**

In his Response, Plaintiff requests relief under Federal Rule of Civil Procedure 56(f) "to conduct discovery." (Doc. 98 at 2).  "When a party opposing a motion for summary judgment cannot present "facts essential to justify his opposition" to the motion, Rule 56(f) permits the party to submit an affidavit stating such reasons." *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987).  But Volkswagen is not requesting

summary judgment and therefore a Rule 56(f) request is inapplicable.

Nonetheless, the Court will liberally construe Plaintiff's request in the light most favorable to him as a *pro se* litigant. *Barnes v. Saul*, 840 F. App'x 943 (9th Cir. 2020). A Rule 56(d) request "must make clear what information is sought and how it would preclude summary judgment." *Garrett*, 818 F.2d at 1518. Here, Plaintiff's motion does not make clear what information he is seeking from Volkswagen that would explain Plaintiff's failure to timely serve Volkswagen. Accordingly, the Court will deny Plaintiff's request.

### D. Defendants MAPFRE and Enterprise's Motions to Dismiss (Docs. 67, 116)

Defendants MAPFRE Insurance and Enterprise both seek dismissal under Rule 12(b)(6), arguing Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). Complaints must make a short and plain statement showing that the pleader is entitled to relief for its claims. Fed. R. Civ. P. 8(a)(2). This standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not generally require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. A complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Dismissal of a complaint for failure to state a claim can be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

1    legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In

2    reviewing a motion to dismiss, "all factual allegations set forth in the complaint 'are taken

3    as true and construed in the light most favorable to the plaintiffs.'"  *Lee v. City of L.A.*, 250

4    F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140

5    (9th Cir. 1996)).  But courts are not required "to accept as true a legal conclusion couched

6    as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S.

7    265, 286 (1986)).  In addressing any *pro se* litigant's complaint, the court must read the

8    allegations generously, resolving ambiguities and making reasonable inference in

9    plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

10   **A.  Defendant MAPFRE**

11        Defendant MAPFRE seeks dismissal on the grounds that Plaintiff's Amended

12   Complaint contains no independent allegations of bad faith against it, and because any

13   claim is time barred by Arizona's two-year statute of limitations.  (Doc. 116 at 1–2).

14   Despite timely filing responses to four other pending motions to dismiss in this matter,

15   Plaintiff did not file a response to MAPFRE's Motion and the time to do so has passed.

16   *See* LRCiv. 7.2(c) (opposing party has 14 days after service within which to serve and file

17   a responsive memorandum).

18        Under LRCiv. 7.2(i), if a party "does not serve the required answering memoranda,

19   . . . such non-compliance may be deemed a consent to the denial or granting of the motion

20   and the Court may dispose of the motion summarily."  *Id.*  Because Plaintiff failed to

21   respond to Defendant's MAPFRE's Motion to Dismiss, the Court will construe this as

22   consent to granting the motion.  Moreover, the Court finds the basis for the motion, namely

23   the lack of independent allegations of bad faith, meritorious.

24   **B.  Defendant Enterprise**

25        Defendant Enterprise seeks dismissal on the grounds that Plaintiff's Amended

26   Complaint contains no independent allegations explaining how Enterprise is liable except

27   for Plaintiff's bare allegation that "Lee Gallagher fail[ed] to operate her vehicle safely."

28   (Doc. 67 at 5).

Federal law provides that an owner of a motor vehicle who rents or leases the vehicle to another "shall not be liable under the law of any State . . ., by reason of being the owner of the vehicle . . . , for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if (1) the owner . . . is engaged in the trade or business of renting or leasing motor vehicles; and (2) there is no negligence or criminal wrongdoing on the part of the owner . . . . 49 U.S.C. § 30106(a).  Thus, Enterprise may face liability only if it engaged in the trade or business of renting motor vehicles and was independently negligent.

Plaintiff has not provided sufficient factual allegations with respect to negligent or criminal wrongdoing on behalf of the Enterprise Defendants.  (Doc. 58 at 6).  Defendant Gallagher's alleged failure to operate the vehicle safely does not imply or state negligence on the part of the Enterprise Defendants.  At a minimum, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  The Court will therefore grant Enterprise's Motion.  (Doc. 67).

## III.    Leave to Amend

In accordance with the well-settled law in this Circuit, because "it is not 'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will allow him to file a motion seeking leave to file a second amended complaint as to the Enterprise Defendants no later than **thirty (30) days** after the entry of this Order.  *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (en banc) (internal quotation marks and citations omitted) (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint); Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires[]").

**If Plaintiff wishes to pursue this suit against Enterprise Defendants, he must file a motion seeking leave to amend his Amended Complaint (Doc. 58) by making factual allegations showing he is entitled to relief as to the Enterprise Defendants.** Plaintiff's second amended complaint should follow the form detailed in Rule 7.1 of the

Local Rules of Civil Procedure.  There are examples of different types of complaints in the Federal Rules of Civil Procedure's appendix of forms (forms 11–21).[8]  The Court also recommends Plaintiff review the information available in the District Court's Handbook for Self-Represented Litigants, which is available online.[9]

**V.  Warning**

Plaintiff is advised that if he elects to file a second amended complaint but fails to comply with the Court's instructions explained in this Order, the Enterprise Defendants will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)).  If Plaintiff fails to prosecute this action, or if he fails to comply with the rules or any court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Volkswagen's Motion to Dismiss (Doc. 80) is **denied**.  Plaintiff shall have **until July 26, 2022,** to effectuate service of the summons and Amended Complaint on Volkswagen and file a notice of proof of service to the Court. **Should Plaintiff fail to provide notice that it has served Volkswagen with a copy of the summons and Amended Complaint by July 26, 2022, the Clerk of Court shall dismiss Volkswagen from this action without further Order from this Court.**

**IT IS FURTHER ORDERED** that Defendant MAPFRE Insurance's Motion to Dismiss (Doc. 116) is **granted, with prejudice**.  The Clerk of Court is directed to dismiss Defendant MAPFRE Insurance from this action.

**IT IS FURTHER ORDERED** that Defendant EAN Holdings, LLC, Enterprise

---

[8] Those forms as well as the Federal Rules of Civil Procedure and the Local Rules, as well as other information for individuals filing without an attorney may be found on the District Court's internet web page at www.azd.uscourts.gov/.

[9] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-litigants.

Holdings, Inc., Enterprise Rental Company, and Enterprise Rent A Car's Motion to Dismiss (Doc. 67) is **granted**.  Plaintiff may file a motion seeking leave to file a second amended complaint as to the Enterprise Defendants no later than **thirty (30) days** after the entry of this Order.  If Plaintiff does not seek leave to file a second amended complaint by **August 13, 2022**, the Clerk of Court shall dismiss these parties without further order of this Court.

IT IS FURTHER ORDERED that the remaining Defendants' Northern Arizona Healthcare and Lee Anne Gallagher's Motions to Dismiss (Docs. 94, 96) are **denied** because the Court found Plaintiff's timely filing of the original 2020 Complaint equitably tolled the statute of limitations for his personal injury claims.

IT IS FURTHER ORDERED that the Court will set a Rule 16 Scheduling Conference by separate Order.

Dated this 12th day of July, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge