**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Russell Roberts, et al., | No. CV-21-08255-PCT-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Lee Anne Gallagher, et al., | |
| Defendants. | |

Defendant Northern Arizona Healthcare Corporation ("NAHC") has filed a Motion for Federal Rule of Civil Procedure 11 Sanctions (Doc. 168) against Plaintiff William Russell Roberts for "his numerous violations of Rule 11(b)." (*Id.* at 2). The Court will deny Defendant's Motion as premature because the Motion does not show that Defendant has complied with Rule 11's mandatory 21-day safe harbor provision.[1]

Rule 11(c)(1) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Section (c)(2) states that "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). This mandatory 21-day safe harbor provision allows the opposing party 21

---

[1] Except where otherwise noted, all rule references are to the Federal Rules of Civil Procedure.

days to retract the offending paper, claim, defense, contention, allegation, or denial before filing a motion for sanctions with the Court. *Id.* "The purpose of the safe harbor . . . is to give the offending party the opportunity . . . to withdraw the offending pleading and thereby escape sanctions." *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (emphasis in original); *see also* Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments, Subdivisions (b) and (c) (explaining that the "safe harbor" provision protects the non-moving party from a motion for sanctions if the party makes a timely withdrawal of the contention that gave rise to the motion).

Failure to comply with the safe harbor provision precludes an award of Rule 11 sanctions. *Barber*, 146 F.3d at 710–11 ("An award of sanctions cannot be upheld" where the movant does not comply with the twenty-one day notice requirement); *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009) (affirming district court's ruling that there was "no basis" for awarding Rule 11 sanctions where moving party did not comply with safe harbor provision); *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (reversing district court's grant of Rule 11 sanctions where the moving party failed to comply with the safe harbor provision); *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005) (stating that "[w]e must reverse the award of sanctions when the [moving] party failed to comply with the safe harbor provisions, even when the underlying filing is frivolous"). Here, nothing in the record indicates NAHC served Plaintiff with the sanctions motion 21 days before NAHC filed the motion. The Court will therefore deny NAHC's Motion for Sanctions as premature. Accordingly,

**IT IS HEREBY ORDERED** that Northern Arizona Healthcare Corporation's Motion for Sanctions (Doc. 167) is **denied**.

Dated this 3rd day of May, 2023.

Honorable Diane J. Humetewa
United States District Judge