**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Russell Roberts, et al., | No. CV-21-08255-PCT-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Lee Anne Gallagher, et al., | |
| Defendants. | |

Defendant Volkswagen Group of America, Inc. ("Volkswagen") has filed a Motion to Strike or Motion to Dismiss (Doc. 144) *pro se* Plaintiffs William Russell Roberts ("Roberts") and Tracy Lee Donnay ("Donnay") (collectively "Plaintiffs") Second Amended Complaint ("SAC") (Doc. 137).[1] Defendant Lee Anne Gallagher ("Gallagher")[2] also filed a Motion to Strike or Dismiss (Doc. 145) Plaintiffs' SAC.[3] Plaintiff Roberts filed Responses in Opposition to both Motions. (Docs. 152, 153). Defendants filed their Replies (Docs. 154, 155). For the following reasons, the Court will grant Defendants' Motion to Strike and Dismiss.

/ / /

---

[1] Although Plaintiff labels it his "Amended Complaint," this is his Second Amended Complaint.

[2] The Court will refer to Volkswagen and Gallagher as Defendants because the parties move to strike and dismiss on the same grounds.

[3] Defendant Northern Arizona Healthcare ("NAH") also filed a Motion to Dismiss and Motion for Sanctions under Rule 11 (Docs. 140, 167). Because the Motion for Sanctions is not fully briefed, the Court will address it in a later order.

## I. Background[4]

### A. Plaintiff's Accident with Defendant Gallagher

On April 26, 2017, Plaintiff was driving a rented 2016 Volkswagen Jetta on State Road 64 in Coconino County, Arizona, and had a head-on collision with Gallagher. (Doc. 60 at 3). Gallagher's vehicle was a rental car from Enterprise rental company. (*Id.*) Plaintiff was transported from the scene of the collision to Flagstaff Medical Center (operated by Defendant Northern Arizona Healthcare ("NAH")), where he was admitted to intensive care for contusions on his heart and elevated blood pressure. (*Id.*)

A year later, on March 10, 2018, in his home state of Wisconsin, Plaintiff suffered cardiac arrest from blockages in his heart. (*Id.*) Plaintiff claims the blockages were due to the airbag of his Volkswagen rental car deploying violently and improperly. (*Id.*) Plaintiff claims Volkswagen should have known that the vehicle's airbags were problematic and alleges product liability and negligence. (*Id.*) Plaintiff also brings claims against Gallagher and NAH. (*Id.*)

### B. The First Action—2019 Case

On April 26, 2019, Plaintiff filed his first action (the "2019 Case") in the Western District of Wisconsin (the "Wisconsin court") against Volkswagen and thirteen other defendants. (Doc. 57 at 2). On September 17, 2019, the defendants moved to dismiss Plaintiff's lawsuit on several grounds, including lack of subject matter jurisdiction, personal jurisdiction, venue, improper service, and failure to state a claim upon which relief can be granted. (*Id.*)

### C. The Second Action—2020 Case

On April 6, 2020, while the 2019 Case was still pending, Plaintiff filed his current claim in the Wisconsin court (the "2020 Case") (Doc. 1). Volkswagen moved to dismiss the Complaint in the new action because it was duplicative of the 2019 Case and because, just like the first lawsuit, the Complaint had not been properly served. (Doc. 47). Volkswagen also argued that the Complaint was barred by Arizona's two-year statute of

---
[4] The Court will adopt portions of the background facts from its previous Order. (Doc. 120).

limitations for personal injury claims. (*Id.*) Another defendant in the matter, Liberty Mutual Insurance, argued for dismissal based on improper venue because the facts of the claim arose in Arizona. (Doc. 15).

In December 2020, the Wisconsin court dismissed both cases without prejudice for lack of subject matter jurisdiction because Plaintiff did not plead sufficient allegations to establish complete diversity of citizenship. (Doc. 57). The court, however, gave Plaintiff the opportunity to amend his Complaint in the 2020 Case to allege sufficient facts to determine diversity of citizenship. (*Id.*) Plaintiff timely filed his Amended Complaint. (Doc. 58).

### D. Transfer of 2020 Case to this Court

On November 17, 2021, the Wisconsin court found Plaintiff's Amended Complaint sufficiently alleged each defendant's citizenship and satisfied subject matter jurisdiction. (Doc. 60 at 3). The court then considered the Defendants' motions to dismiss and transferred this matter to the District of Arizona, "warts and all," as the proper venue for a claim arising in Arizona. (*Id.*)

On November 19, 2021, this Court received notice of the transfer from the Wisconsin court. (Doc. 62). Several of the defendants then refiled Motions to Dismiss on various grounds, including that Plaintiff's claims were barred by Arizona's personal injury statute of limitations.

### E. This Court's Prior Order (Doc. 120)

In its July 12, 2022, Order, this Court denied Volkswagen, Gallagher, and NAH's Motions to Dismiss because it found Plaintiff's timely filed original 2020 Complaint equitably tolled the statute of limitations for his personal injury claims.[5] (Doc. 120 at 13). The Court also granted Plaintiff a short extension under Federal Rule of Civil

---

[5] Multiple Enterprise Defendants moved to dismiss as well, including EAN Holdings, LLC, Enterprise Holdings, Inc., Enterprise Rental Company, and Enterprise Rent A Car. (Doc. 67). Although the Court allowed Plaintiff Roberts thirty (30) days to file a motion seeking leave to file a SAC as to those defendants, he did not do so, and those defendants have since been terminated. (Docs. 120).

1  Procedure 4(m) to serve Volkswagen.  Plaintiff did so on July 15, 2022, and Volkswagen
2  filed its Answer on July 27, 2022.  (Docs. 122; 124).

### F. Plaintiffs' Second Amended Complaint

On November 27, 2022, Plaintiffs filed their SAC (Doc. 137), adding Plaintiff Donnay as a plaintiff and Nina J. Foppe, Gallagher's spouse, as a defendant.  (*Id.* at 1).

The following day, the Court ordered Plaintiffs to file a notice in compliance with Local Rule of Civil Procedure 15.1(b), which requires that the amending party file "a separate notice of filing the amended pleading" and attach a copy of the amended pleading thereto on or before December 2, 2022.[6]  (Doc. 138); LRCiv 15.1(b).  The Court noted Plaintiffs' failure to comply would result in the SAC being stricken.  (*Id.*)

Plaintiff Roberts filed his notice of compliance on December 2, 2020, claiming he had served a copy of his SAC and Attachments on the parties.  (Doc. 139-2 at 1).

### G. Motions to Strike and Dismiss

Defendants now seek to strike Plaintiffs' SAC, including the addition of Plaintiff Donnay as a party and all allegations pertaining to Donnay because Plaintiffs failed to comply with Federal Rule of Civil Procedure 15(a)(2).  (Docs. 144; 145).  Alternatively, Defendants move to dismiss Plaintiffs' SAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that Donnay's associated claims are time-barred by Arizona's personal injury statute of limitations.  (*Id.*)

The Court will address each Motion in turn.

/ / /

/ / /

---

[6] The Court noted that Plaintiffs failed to indicate whether Defendants consented to the proposed amendments but acknowledged that the SAC was filed within 60 days of the Court's Scheduling Order setting a deadline for amended pleadings.  (Doc. 131 at 1). The record is now clear that Defendants neither consented to Plaintiffs' filing of the SAC nor did Plaintiffs seek leave from this Court to do so.  *See Hillcrest Invs., Ltd. v. Am. Borate Co.*, 2016 WL 5796853, at *2 (D. Nev. Sept. 30, 2016) ("Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure, provided that leave to amend is requested prior to the expiration of the deadline for amending pleadings as set forth in the scheduling order, if one has been entered.") (citing *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006).

## II. Defendants' Motion to Strike

In their Motions to Strike, Defendants argue Plaintiffs' SAC does not comply with Federal Rules of Civil Procedure 15(a)(1) or (a)(2) ("Rule 15(a)(1) and (a)(2)").[7] (Docs. 144, 145). Defendants thus ask the Court to strike Plaintiffs' SAC. (*Id.*) Plaintiff Roberts says Volkswagen knew he would be filing a SAC because he informed Volkswagen at the September 28, 2022, hearing. (Doc. 152 at 4). Plaintiff Donnay did not respond to Defendants' Motion and the time to do so has passed. *See* LRCiv. 7.2(c) (opposing party has 14 days after service within which to serve and file a responsive memorandum).

At the outset, the Court deems Plaintiff Donnay's lack of response as consent to granting Defendants' Motion to Strike. *See* LRCiv 7.2(i) (failure to timely "file the required answering memoranda . . . may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily"); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (trial court may *sua sponte* dismiss for failure to state a claim without notice or an opportunity to respond where "the plaintiffs cannot possibly win relief"). Even more, regardless of Plaintiff Roberts' contention, Plaintiffs plainly failed to comply with either Rule 15(a)(1) or (a)(2).

### A. Rule 15(a)(1) and (a)(2)

Rule (a)(1) permits Plaintiff Roberts to amend his Complaint once as a matter of course within 21 days of the filing of Volkswagen's Answer. Fed. R. Civ. P. 15(a)(1). Volkswagen answered Plaintiff Roberts' Complaint on July 27, 2022. (Doc. 124). This means Plaintiff Roberts would have needed to amend his Complaint by August 17th as a matter of course. *Id.* Alternatively, if Plaintiff Roberts wished to file an amended complaint outside that timeframe, Rule 15(a)(2) requires either leave of court or the written consent of the opposing party. Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff neither filed his SAC as a matter of course nor received leave of court or the written consent of the opposing parties. He filed his SAC on November 27,

---

[7] Except where otherwise noted, all rule references are to the Federal Rules of Civil Procedure.

2022, 102 days after the deadline for doing so, and without leave of court or the written consent of the opposing party. Accordingly, the SAC was not filed in compliance with either Rule 15(a)(1) or (a)(2).

Where a plaintiff has failed to seek leave to amend when required, such amended pleadings have no legal effect and therefore do not supersede the original complaint. *See e.g.*, *Taa v. Chase Home Finance, LLC*, 2012 WL 507430 at *1 (N.D. Cal. Feb. 15, 2012) ("Only an amended complaint that is properly filed pursuant to the requirements of Rule 15 requirements can supersede the original. [ ] An amendment that has been filed or served without leave of court or consent of the defendants is without legal effect.") (internal citation omitted); *see also Ritzer v. Gerovicap Pharm. Corp.*, 162 F.R.D. 642, 644 (D. Nev. 1995) (dismissing an amended complaint filed in violation of Rule 15's provisions requiring leave of court or consent of the other party because it had no legal effect); *Hardin v. Wal-Mart Stores, Inc.*, 813 F.Supp.2d 1167, 1181 (E.D. Cal. 2011) ("If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect."); *Dickey v. Davis*, 231 F.Supp.3d 634, 664, (E.D. Cal. 2017) ("Generally service of an amendment that does not comply with Rule 15 has no legal effect.").

In sum, the SAC does not successfully supersede the Complaint because it was not filed in accordance with the requirements of Rule 15. The SAC has no legal effect and will therefore be stricken. The Amended Complaint at Doc. 58 remains the operative pleading.

**III.    Defendants' Motions to Dismiss**

Three Motions to Dismiss are also before the Court. The Court will begin with Defendants Volkswagen and Gallagher's Motions and then consider Defendant NAH's Motion.

**A. Defendants Volkswagen and Gallagher's Motions to Dismiss**

Defendants alternatively move to dismiss Plaintiffs' SAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that Donnay's associated

claims are time-barred by Arizona's personal injury statute of limitations. (Doc. 144 at 5). Defendants argue Donnay's claims arose from a vehicle crash on April 26, 2017, and, because the SAC was filed on November 27, 2022, her claims are time-barred. (*Id.*) The Court agrees.

As a federal court sitting in diversity, this Court will apply the substantive law of Arizona, including Arizona's statute of limitations. *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011). In Arizona, the statute of limitations for personal injury claims is two years. Ariz. Rev. Stat. § 12-542(1). "[A] tort claim accrues when a plaintiff knows, or through the exercise of reasonable diligence should know, of the defendant's wrongful conduct." *Taylor v. State Farm Mut. Auto. Ins. Co.*, 913 P.2d 1092, 1095 (Ariz. 1996).

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Hillcrest Invs., Ltd.*, 2016 WL 5796853, at *2 (finding amendment is futile if the claim will be barred by the statute of limitations) (citing *Deutsch v. Turner Corp.*, 324 F.3d 692, 718 n. 20 (9th Cir. 2003).

The Court finds granting leave to file the third amended complaint would be futile because Plaintiff Donnay's claims are barred by Ariz. Rev. Stat. § 12-542(1). In its prior Order, the Court found each of the moving defendants would have been on notice of Plaintiff Robert's claims because all of them were named in the first 2019 suit and therefore would not be prejudiced by the application of equitable tolling. (Doc. 120). The same facts are not present here. Plaintiff Donnay did not file suit with Plaintiff Roberts in 2019. Nor was she named in the second suit he filed in 2020. Instead, Plaintiff Donnay apparently waited until November 27, 2022, to file suit—more than five and half years after her alleged injuries. (*Id.*) Under Arizona's statute of limitations, Plaintiff Donnay had until April 26, 2019, to file her complaint. Ariz. Rev. Stat. § 12-542(1). She did not do so. Furthermore, she neither alleges the statute of limitations should be tolled nor provides a legal or factual basis that her claims are a derivative of

Plaintiff Roberts' claims. The Court therefore finds Plaintiff Donnay's claims are barred by Ariz. Rev. Stat. § 12-542(1) and will grant Defendants' Motion to Dismiss.

### B. Defendant NAH's Motion to Dismiss

NAH also filed a Motion to Dismiss Plaintiffs' SAC. (Doc. 140). Because the SAC has no legal effect and because Plaintiff Roberts' claims against NAH changed from the Amended Complaint to the SAC, the Court will deny NAH's Motion as moot. (*Compare* Doc. 58 with Doc. 137).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Volkswagen Group of America, Inc. and Lee Anne Gallagher's Motions to Strike (Docs. 144, 145) are **granted**. Plaintiffs' Second Amended Complaint (Doc. 137) is **stricken**.

**IT IS FURTHER ORDERED** that Defendants Volkswagen Group of America, Inc. and Lee Anne Gallagher's Motions to Dismiss (Docs. 144, 145) are **granted**. The Clerk shall terminate Plaintiff Tracy Lee Donnay and Defendant Nina J. Fobbe from this matter.

**IT IS FINALLY ORDERED** that Defendant Northern Arizona Healthcare's Motion to Dismiss (Doc. 140) is **denied as moot**.

Dated this 16th day of May, 2023.

Honorable Diane J. Humetewa
United States District Judge